HARRY ABRAMS V. ALFRED ABRAMS.

No. 14,738.   (88 Pac. 70.)

1. EJECTMENT—*Deed as a Mortgage—Right to Maintain Action.* Plaintiff held a deed absolute on its face to land occupied by defendant. The trial court found that the deed was an equitable mortgage to secure the purchase-price. It was said plaintiff could not maintain ejectment, even though defendant had failed to pay his debt.

2. MORTGAGES—*Deed—Oral Agreement.* It was said that a verbal agreement to that effect was sufficient to convert an instrument in form a deed into a mortgage.

Error from Edwards district court; CHARLES E. LOBDELL, judge. Opinion filed December 8, 1906. Affirmed.

*F. Dumont Smith,* and *V. H: Grimstead,* for plaintiff in error.

*G. Polk Cline, W. N. Beasley,* and *A. C. Dyer,* for defendant in error.

*Per Curiam:* This was an action of ejectment by Harry Abrams against his son, Alfred Abrams. The case was tried by the court, and judgment was for defendant. Plaintiff complains.

The court made findings of fact. The transaction was one between father and son. The formalities characterizing dealings between business men were not employed, but out of all that was said and done legal rights were created which the law will protect. Either the plaintiff bought the land or the defendant bought it. The deed to the plaintiff was either as owner or by way of security for an advancement to the defendant. Possession was taken by the defendant either as owner or as tenant. The defendant did make lasting and valuable improvements upon the land.

Although they were unpretentious they made a Kansas home.

The testimony relating to these matters was conflicting. The plaintiff told one story, while the defendant and his witnesses told another. Different inferences might be drawn from the testimony given. The demeanor of the witnesses while testifying might have been such as to indicate who affiliated more closely with the truth. The refusal of the plaintiff to accept a sum of money offered him by way of payment, and his insistence that it was only rent, was merely a circumstance to be considered with all the other evidence in the case. The facts having been settled by the district court upon sufficient evidence this court will not interfere.

The findings of the court are that the defendant himself purchased the land and immediately moved upon it, placed a dwelling-house thereon, made other lasting and valuable improvements, and has ever since continued to occupy the premises with his family. This being true, the defendant owns the land, whether he has paid the man who furnished the money to buy it or not, and cannot be ejected for failure to pay his debt. The court further found that the deed to the plaintiff was a mortgage to secure the price of the land. A verbal agreement to that effect is sufficient to convert an instrument in form a deed into a mortgage. The plaintiff, being a mortgagee, can do nothing but foreclose his lien. These propositions are all elementary in the law.

The defendant did not buy of the plaintiff and the question of the statute of frauds does not properly arise between them. So far as this case is concerned the legal effect of the transaction is the same as if the defendant had first taken a deed and then had mortgaged to the plaintiff. But in any event this court long ago held that taking possession of land and making

lasting and valuable improvements upon it under a parol agreement of sale takes the case out of the statute. (*Newkirk v. Marshall,* 35 Kan. 77, 10 Pac. 571.) Likewise under the findings of fact no question of trust is presented.

The judgment of the district court is affirmed.